**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILLIAM MARKS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.  4:18-cv-3522** |
| | § | |
| **HARTFORD INSURANCE COMPANY** | § | **JURY TRIAL DEMANDED** |
| **OF THE MIDWEST,** | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

To The Honorable United States District Court Judge:

1.     Comes Now, the Plaintiff, William Marks ("Marks"), and files this Original Complaint and Jury Demand complaining of and against Defendant, Hartford Insurance Company of the Midwest ("Hartford"), and in support hereof would respectfully show unto the Court the following:

### JURISDICTION AND VENUE

2.     This action arises under the National Flood Insurance Act, 42 U.S.C. §4001, *et. seq.*, pursuant to the insurance contract issued to the Plaintiff. This action, having arisen under an applicable federal statute, namely 42 U.S.C. §4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. §1331.

3.     Venue is properly in this District pursuant to 42 U.S.C. §4053 and/or §4072 in that the insured property made the basis of this action is located at 5714 Darling St., Houston, Harris County, Texas 77007 and situated within this District.

## PARTIES

4.      Plaintiff, William Marks ("Marks"), is an individual resident of Houston, Harris County, Texas. Service of process is neither requested, nor necessary at this time.

5.      Defendant, Hartford Insurance Company of the Midwest ("Hartford"), is an admitted foreign insurance company organized in Indiana and participating in FEMA's "Write Your Own" (WYO) program. Hartford maintains its principle place of business at One Hartford Plaza T 17 81, Hartford, CT 06155. Hartford conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Hartford issued a Standard Flood Insurance Policy ("SFIP") in its own name, as fiscal agent of the United States, to the Plaintiff. Pursuant to 44 C.F.R. §62.23(d) and (i)(f), Hartford is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy. Accordingly, Hartford may be served with notice of this suit, by serving Summons and a true and correct copy of the Complaint attached thereto upon CT Corporation System, its designated agent for service of process at its registered address, 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201-3116.

## FACTUAL BACKGROUND

6.      In this Complaint whenever it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied or apparent authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, attorneys or representatives.

2

7.      By this lawsuit, Marks seeks to recover losses sustained as a result of Hurricane Harvey flood damage to the building structure and contents on his property located at 5714 Darling St., Houston, Harris County, Texas 77007 (the "Property").

8.      Hartford sold a flood insurance policy bearing Policy No. 87043325552016 (the "Policy") to Marks whereby Hartford agreed to pay Marks for any direct physical loss to the insured Property caused by or from a "flood" as defined by the Policy in exchange for the payment of premiums. In lieu of attaching the Policy hereto, Marks incorporates by reference, for all purposes, the provisions of the SFIP, as set forth in 44 C.F.R. §61, Appendix A (1), which is the policy issued by Hartford to Marks. The Policy term extended from October 30, 2016 through October 30, 2017. The Policy limits were $48,700.00 for buildings and $35,300.00 for contents.

9.      On or about August 25, 2017, flood water damaged the building structure and contents located on the Property. As a direct and proximate result of the flooding, Marks suffered a direct physical loss to the insured Property. The damage to the building structure and contents located therein is covered under the Policy and occurred within the applicable Policy term.

10.     After the flood, Marks timely notified Hartford of the loss, filed an insurance claim with Hartford, and asked Hartford to adjust the claim and pay for the cost of repairs to the Property.

11.     On October 5, 2017, Hartford denied Marks' claim without making any payment after mistakenly assuming that Marks had withdrawn his flood claim.

12.     On August 24, 2017, Marks timely filed his sworn proof of loss claiming a total of $84,000.00 for flood damages to the building and contents located on the Property. Hartford has reopened Marks claim and started adjusting the loss, but out of an abundance of caution, Marks has filed this lawsuit to preserve his rights under the Policy.

3

## CAUSES OF ACTION

13.     Marks repeats and incorporates, by reference, the allegations of paragraphs 1 through 12 above and paragraphs 17 and through 21 below, as if fully set forth herein.

14.     Marks alleges that in all of the conduct complained of herein, all employees, servants, agents and representatives of Hartford had actual, implied, or apparent authority to act on behalf of Hartford.

15.     Marks further alleges that all conditions precedent to recovery herein have been performed or have occurred.

16.     Without waiving the foregoing, but strictly relying upon the same, Marks alleges that the actions and conduct of Hartford constitute a breach of contract. Marks purchased insurance from Hartford. The insurance contract provides insurance coverage for the Property against loss from among other things: flood. Marks paid all premiums for the Policy, timely reported the loss to Hartford, and requested adjustment of his claim. Despite full compliance with the Policy conditions, Hartford has failed and refused and continues to fail and refuse to pay the full amount due under the Policy for Marks' claim. As a result, Hartford has breached the contract of insurance and as a direct and proximate consequence of Hartford's breach of contract, Marks has suffered actual, incidental, special, and consequential damages as set forth hereinbelow.

## DAMAGES

17.     As a result of the actions and conduct complained of herein, Marks is entitled to the recovery of all actual, incidental, special, and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include, but are not limited to: damages to the building and contents located on the Property in the amount of $84,000.00.

4

18. Marks is further entitled to the recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of Texas.

19. Marks is further entitled to the recovery of costs of court.

## DEMAND FOR JURY TRIAL

20. Pursuant to Rule 38 FED. R. CIV. P., Marks demands a jury trial on all issues triable by a jury.

## PRAYER

21. WHEREFORE, PREMISES CONSIDERED, Plaintiff, William Marks ("Marks"), prays that the Defendant, Hartford Insurance Company of the Midwest ("Hartford") be summoned to appear and answer herein, and that upon full and final trial herein, Marks recover from Hartford all actual, incidental, special, and consequential damages sustained as the result of the actions of Hartford and along with costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law and in equity, to which Plaintiff, William Marks, may show himself justly entitled by this pleading or proper amendment hereto.

Respectfully submitted,

DURRETT LAW FIRM

J. BRANTLEY DURRETT, III
State Bar Number 06287615
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
Telephone No.: (832) 390-2391
Telecopier No.: (888) 551-8183
*brant@durrettlaw.com*

ATTORNEY FOR PLAINTIFF,
WILLIAM MARKS